**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000422
13-APR-2015
09:03 AM**

NO. CAAP-14-0000422

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
STEVEN M. HAUGE, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 13-1-1032)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Leonard and Ginoza, JJ.)

The instant appeal arises from a family dispute involving an estranged family member who took temporary possession of his family's mail without authorization. Defendant-Appellant Steven M. Hauge (**Hauge**) appeals from the Circuit Court of the First Circuit's[1] (**circuit court**) "Judgment of Conviction and Sentence" (**Judgment**) filed January 15, 2014. The Judgment convicted Hauge of three counts of unauthorized possession of confidential personal information (**UPCPI**) in violation of Hawaii Revised Statutes (**HRS**) § 708-839.55 (2014 Repl.),[2] and sentenced Hauge to three terms of five years of

---

[1]   The Honorable Dexter D. Del Rosario presided.

[2]   HRS § 708-839.55 provides:

> **§708-839.55 Unauthorized possession of confidential personal information.**  (1) A person commits the offense of unauthorized possession of confidential personal information if that person intentionally or knowingly possesses, without authorization, any confidential personal information of another in any form, including but not limited to mail[.]
> . . . .

(continued...)

imprisonment to be served concurrently.

On appeal, Hauge contends that the circuit court erred in concluding that his temporary possession of his family's mail did not constitute a de minimis violation of HRS § 708-839.55 under HRS § 702-236(1)(b) (2014 Repl.).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Hauge's appeal is without merit.

Hauge contends that the circuit court abused its discretion in not finding that under HRS § 702-236(1)(b), his "conduct did not cause or threaten the harm or evil sought to be prevented by HRS § 708-839.55." Hauge argues that in enacting HRS § 708-839.55, the legislature "sought to deter identity theft-related crimes, which cause monetary loss to victims." Hauge argues that he did not intend "to commit identity theft, but rather to curry favor with his father, in attempt to get his father to add him onto his father's medical insurance plan." Hauge argues that "the facts in the matter at hand lead to the conclusion that [Hauge's] possession of [his family's] confidential personal information was not going to lead to identify theft or any other crimes."

Plaintiff-Appellee State of Hawai'i (**State**) contends that the circuit court did not abuse its discretion in denying Hauge's motion to dismiss the charges against him as de minimis because Hauge's "conduct threatened the harm or evil sought to be prevented by the UPCPI statute and [Hauge] failed to establish that his conduct was too trivial to warrant the condemnation of conviction."

---

[2](...continued)

(2) It is an affirmative defense that the person who possessed the confidential personal information of another did so under the reasonable belief that the person in possession was authorized by law or by the consent of the other person to possess the confidential personal information.

(3) Unauthorized possession of confidential personal information is a class C felony.

HRS § 702-236(1)(b) provides:

§702-236 De minimis infractions. (1) The court may dismiss a prosecution if, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, it finds that the defendant's conduct:

. . . .

(b)     Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction[.]

A defendant who argues that the charge against him under HRS § 708-839.55 should be dismissed as de minimis under HRS § 702-236(1)(b) "bears the burden of establishing why dismissal . . . is warranted in light of [the relevant attendant] circumstances." State v. Pacquing, 129 Hawaiʻi 172, 180, 297 P.3d 188, 196 (2013). Because "the resulting harm or evil [that HRS § 708-839.55] seeks to prevent is not immediately apparent" from a plain language reading of the statute itself, it is necessary to consider the legislative history of HRS § 708-839.55. Pacquing, 129 Hawaiʻi at 181, 297 P.3d at 197. After analyzing the legislative history of HRS § 708-839.55, the Hawaiʻi Supreme Court held that

neither the plain language of the statute nor its legislative history establishes that the legislature intended to allow prosecution only where the defendant intended to commit identity theft. . . .

Rather, HRS § 708-839.55 does not require that the defendant have any specific purpose in possessing the confidential personal information, provided that the defendant possesses the information "without authorization."

Pacquing, 129 Hawaiʻi at 182-83, 297 P.3d at 198-99 (footnote and brackets omitted).

In the instant case, the State established that Hauge possessed his family's confidential personal information without authorization because several family members and Hauge testified and it was undisputed that over the years, the family had repeatedly communicated to Hauge that he was not welcome on the family property; Hauge had never been given permission to pick up the family's mail; and on July 15, 2013, Hauge temporarily possessed his family's mail containing confidential personal information. We therefore hold that Hauge caused or threatened

"the harm or evil sought to be prevented by" HRS § 708-839.55.
We now turn to whether the circuit court abused its discretion in
finding that Hauge's conduct was not "too trivial to warrant the
condemnation of conviction" under HRS § 702-236(1)(b).

The defendant "bears the burden of providing evidence
to support a finding that his or her conduct implicated the harm
or evil sought to be prevented by the statute only to an extent
too trivial to warrant the condemnation of conviction."
Pacquing, 129 Hawai'i at 184, 297 P.3d at 200.

Hauge did not meet his burden of providing evidence to
support a finding that his conduct was "too trivial" under HRS
§ 702-236(1)(b) because his testimony was inconsistent with the
testimonies of the other witnesses in several respects. First,
Hauge testified that he was not tense or upset when he interacted
with witnessess, Sean Hayworth (**Sean**) and Darren Evangelista
(**Darren**), but Darren testified that Hauge's demeanor was
"confrontational" and Sean testified that Hauge was immature and
aggressive. Second, Hauge testified that Sean did not touch any
of Hauge's stuff, but Sean and Darren both testified that Sean
took Hauge's bag to prevent him from leaving without first
returning the mail. Third, Hauge testified that there was "[n]o
questions about the mail[,]" "no discussion about the mail, no
argument about the mail[,]" and that he immediately handed over
the mail to Darren without Darren asking for the mail, but Sean
testified that he contacted Darren after asking Hauge for the
mail and Hauge refusing, and Darren testified that Hauge returned
the mail only after Darren demanded he do so. Darren also
testified that he felt "like if Sean wasn't there [holding
Hauge's bag, Hauge] would have just took off with our mail." And
fourth, Hauge testified that in the past, his father Harold
Hauge, had mentioned to him that Hauge was still on the family
insurance plan and that Hague should go to Straub Hospital to get
treatment for his liver disease. However, Harold Hauge,
testified that Hauge had not been on the family insurance plan
since he was a minor in 1967 and that Hauge never asked to be put
back on the insurance plan.

Considering the conflicting testimonies, it is reasonable to conclude that Hauge was not credible and therefore may have kept the family's mail if he had not been confronted by Sean and Darren, conduct that can not be considered "too trivial" under HRS § 702-236(1)(b). Therefore, the circuit court did not abuse its discretion in denying Hauge's request to find that Hauge's conduct was de minimis under HRS § 702-236(1)(b).

Therefore, IT IS HEREBY ORDERED that the "Judgment of Conviction and Sentence" entered in the Circuit Court of the First Circuit on January 15, 2014 is affirmed.

DATED: Honolulu, Hawai'i, April 13, 2015.

On the briefs:

Walter J. Rodby
for Defendant-Appellant.

Loren J. Thomas
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5